# MEMORANDA

## OF

# CASES NOT REPORTED IN FULL.

---

### THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, *v.* AUGUST PLATH, APPELLANT.

*Abduction — a manual or forcible taking is not necessary to constitute the crime —*
*Penal Code, sec. 282, sub. 1.*

APPEAL from a judgment of the Court of General Sessions, convicting the defendant of the crime of abduction.

The court at General Term said: " The conviction took place under subdivision 1 of section 282 of the Penal Code, by which it has been provided that 'a person who takes a female under the age of sixteen years, without the consent of her father, mother, guardian or other person having legal charge of her person, for the purpose of marriage, prostitution or sexual intercourse, is guilty of the crime of abduction.'

" The evidence showed that the defendant was the proprietor of 141 Chatham street, which was in part maintained as a house of prostitution. The complaining witness went to this house in the latter part of July, 1884, and remained there until near the end of August.

" She approached the place with a companion, and as she went inside she inquired of the defendant how much it was to see the entertainment. He replied: ' Nothing, my little dear, come in.' She then went into the place and he treated them both to soda water, and asked if they were going to stay. The other girl said ' no,' but the complaining witness said yes, and then the defendant took them up stairs. They went into a room where he showed them a dress, which he asked the witness if she wanted to put on, and both herself and companion answered ' no.' They were with him in the room about twenty minutes, and during that time her evidence is that he had connection with both of them. She

remained in the place, having sexual intercourse with persons visiting it as long as she was there.

"It has been urged that what was said by the defendant to the prosecuting witness did not prove that he took her into his place. But the statute does not require a manual or forcible taking to create the crime. It is sufficient for that purpose that she may have entered his place and remained there at his solicitation and by his influence.

"This subject has been repeatedly examined in cases arising under a statute enacted in this respect, in the same language as is contained in this provision of the Penal Code, in England, and it has there been held that a taking by physical force is not necessary, but it is sufficient if such moral force is used as to create a willingness on the girl's part to enter into and remain an inmate of the defendant's house. (*Regina* v. *Handley*, 1 Foster & Fin., 648.)

"The same point was examined in preceding cases which repeatedly held that any persuasion or inducement, controlling the action of the person designed to be protected, would be sufficient to bring the case within the language of the act. (*Queen* v. *Biswell*, 2 Cox, 279; *Regina* v. *Manktelow*, 6 id., 143; *Regina* v. *Kipps*, 4 id., 167; *Regina* v. *Baillie*, 8 id., 238; *Regina* v. *Olifier*, 10 id., 402.) Under this construction of the law what the defendant said to the complaining witness was sufficient to sustain the conclusion of the jury, that he did take her into his house, and that she was kept there, as the indictment has charged, for the purpose of prostitution, was equally as clear under the evidence given upon the trial." * * *

*Wm. F. Howe*, for the appellant.

*De Lancy Nicoll*, for the People.

Opinion by DANIELS, J.; DAVIS, P. J., and BRADY, J., concurred.

Conviction affirmed.